UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Raymond Shorter,

Plaintiff,

vs.

St. Cloud State University, a Minnesota State University,

Defendant.

Civil File No. 00-CV-1314 RHK/RLE

**ORDER**

Based upon the Stipulation entered into by Plaintiff Raymond Shorter and Defendant St. Cloud State University, a Minnesota State University, the Court makes the following:

**ORDER**

The terms and conditions for disclosure of confidential information in *Shorter v. St. Cloud State University, et al.*, No. C1-00-2784, as shown in the Protective Order, a copy of which is attached hereto as Exhibit A, are hereby adopted as the terms and conditions for disclosure of confidential information in the above-entitled action, *Shorter v. St. Cloud State University*, No. 00-CV-1314 RHK/RLE (D. Minn.).

**IT IS SO ORDERED.**

Dated: December 13, 2000.

Raymond L. Erickson

RAYMOND L. ERICKSON
United States Magistrate Judge

AG: 390794.v. 01

DEC 13 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

STATE OF MINNESOTA | DISTRICT COURT

COUNTY OF STEARNS | SEVENTH JUDICIAL DISTRICT

Case Type: OTHER CIVIL

Court File No. C1-00-2784

Judge Richard T. Jessen

Raymond Shorter,

Plaintiff,

vs.

St. Cloud State University, a Minnesota State University, David Lesar, an individual, Dorothy Renn, an individual, and Terrance Peterson, an individual,

Defendants.

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Raymond Shorter ("Shorter") has sued Defendant St. Cloud State University ("SCSU"), a Minnesota State University for alleged race discrimination, reprisal, and defamation against SCSU, regarding Shorter's treatment as a student at SCSU;

WHEREAS, Shorter has sued SCSU faculty members and Defendants David Lesar, Dorothy Renn, and Terrance Peterson for alleged defamation (collectively referred to as "Individual Defendants");

WHEREAS, Shorter has alleged, among other things, that he has been subjected to a hostile environment in his classes at SCSU;

WHEREAS, Shorter and SCSU and the Individual Defendants will need data on students and SCSU employees to, respectively, prosecute and defend against the claims in this action;

WHEREAS, Shorter has also sued SCSU in *Shorter v. St. Cloud State University*, No. 00-1314 RHK/RLE (D. Minn.) ("*Shorter Federal*"), necessitating the need to disclose the same information at issue in the present case;

WHEREAS, SCSU has provided notice to SCSU students of disclosure of information about them, in order to litigate this case and *Shorter Federal*;

EXHIBIT A

WHEREAS, copies of the letters sent to students have been sent to the Court for *in camera review* and denominated with a number, for ease of reference;

WHEREAS, pursuant to Rule 26 of the Minnesota Rules of Civil Procedure, the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.*, and specifically Minn. Stat. § 13.03, subd. 6, and the federal Family Educational Rights and Privacy Act ("FERPA"), and based on a consideration of Shorter's, SCSU's, and Individual Defendants' need for certain data, which may be considered nonpublic, private, or confidential data, it is appropriate to enter the following:

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court finds that the probative value of both discovery and disclosure of nonpublic, private and confidential data on individuals under the Minnesota Government Data Practices Act ("Act") Minn. Stat § 13.01 *et seq.*, under FERPA for numbers -1- through -103- and other applicable law (hereinafter such information shall be called "SCSU's confidential information") outweighs the harm to any and all of the confidentiality interests defined in Minn. Stat. § 13.03, subd. 6, and FERPA, in not disclosing such information to Shorter and Individual Defendants, as long as such disclosures are made pursuant to paragraph 2 below. This determination is made pursuant to Minn. Stat. § 13.03, subd. 6 (1998) and FERPA.

2. SCSU shall make disclosure and discovery of SCSU's confidential information subject to the following conditions:

   a. Shorter's and Individual Defendants' counsel and support staff will be the only persons to review the documents containing SCSU's confidential information. They may permit Shorter and the Individual Defendants to review the documents and may share SCSU's confidential information with Shorter and the Individual Defendants only to the extent necessary to prosecute this litigation; however, no personal identifying information regarding SCSU students or SCSU employees derived from the

confidential information such as residential addresses, telephone numbers, and social security numbers for any of SCSU's students or employees, their spouses, their children, or their next of kin other than the names of the students or employees shall be shared with Shorter or the Individual Defendants; nor shall they share the names of any of SCSU's students' or employees' spouses, children, or next of kin with Shorter or the Individual Defendants. Any such personal identifying information contained in such documents shall be redacted before Shorter or the Individual Defendants are permitted to review such documents. SCSU's confidential information will be used solely in connection with the above-entitled litigation and *Shorter Federal* and will not be disclosed outside these two cases.

b. Except as provided by the terms of this Order, Shorter, Shorter's counsel, Shorter's counsel's support staff, Individual Defendants, Individual Defendants' counsel, and Individual Defendants' counsels' support staff, and those persons identified in paragraph 2.c., who receive SCSU's confidential information, will keep SCSU's confidential information confidential.

c. SCSU's confidential information will not be disclosed by Shorter's counsel or support staff during the course of trial preparation, except to Shorter, pursuant to the terms set out in paragraph 2.a. above, such employees of Shorter's counsel who assist in the above-entitled litigation, all of whom agree to be bound by the terms of this Order, and to the following qualified Individuals. SCSU's confidential information will not be disclosed by Individual Defendants' counsel or support staff during the course of trial preparation, except to Individual Defendants, pursuant to the terms set out in paragraph 2.a. above, such employees of Individual Defendants' counsel who assist in the above-entitled litigation, all of

whom agree to be bound by the terms of this Order, and to the following qualified Individuals. Prior to disclosure, the following qualified individuals shall sign an affidavit agreeing to be bound by the terms of this Order, including to keep SCSU's confidential information confidential, and return SCSU's confidential information to the counsel who gave it to them (Shorter's counsel or Individual Defendants' counsel), within forty-five (45) days of the close of litigation:

(i) Independent experts or consultants working with counsel for Shorter or Individual Defendants.

(ii) Other persons, including deponents, whose assistance is required by counsel in conducting this litigation. This provision does not apply to use by Shorter's counsel or Individual Defendants' counsel of such documents during depositions of SCSU or their witnesses.

d. SCSU's confidential information submitted to the Court before trial herein will be kept private and under seal.

e. Shorter and Individual Defendants will return any and all copies of documents containing SCSU's confidential information to counsel for SCSU within ninety (90) days of the close of this litigation.

f. To the extent that Shorter's counsel and staff create and draft documents containing SCSU's confidential information, Shorter, Shorter's counsel, and Shorter's support staff shall destroy such documents within six months after the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information shall be erased (not just deleted) or destroyed. Shorter and Shorter's attorney will provide SCSU's counsel with an affidavit stating that the destruction of documents and erasure or

destruction of stenographic, mechanical, computer or other types of electronic memory has occurred. Prior to destruction and/or erasure, if a lawsuit or other proceeding requires or calls for disclosure of SCSU's confidential information described in this subparagraph, Shorter and/or Shorter's counsel shall notify SCSU's counsel in writing and as soon as possible of the potential disclosure, before the disclosure occurs, so that SCSU's counsel may evaluate and act upon the potential disclosure.

To the extent that Individual Defendants' counsel and staff create and draft documents containing SCSU's confidential information, Individual Defendants, Individual Defendants' counsel, and Individual Defendants' support staff shall destroy such documents within six months after the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information shall be erased (not just deleted) or destroyed. Individual Defendants and Individual Defendants' attorneys will provide SCSU's counsel with an affidavit stating that the destruction of documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred. Prior to destruction and/or erasure, if a lawsuit or other proceeding requires or calls for disclosure of SCSU's confidential information described in this subparagraph, Individual Defendants and/or Individual Defendants' counsel shall notify SCSU's counsel in writing and as soon as possible of the potential disclosure, before the disclosure occurs, so that SCSU's counsel may evaluate and act upon the potential disclosure.

3. Nothing in this Order shall be construed as limiting the use of SCSU's confidential information at trial of this matter, or in any motion hearing or motion papers. In all pretrial proceedings, the parties may use SCSU's confidential information in Court papers by

submitting SCSU's confidential information to the Court under seal. If the Court determines that SCSU's confidential information should not be sealed, it may unseal the documents; the documents will still be considered as filed as of the date that they were initially filed, and will remain filed. The Court will always have access to SCSU's confidential information as soon as it is filed, regardless of whether it remains sealed or is unsealed. (At trial, the Court will inform the parties whether SCSU's confidential information may be submitted under seal or publicly).

4. Nothing in this Order shall be construed as a waiver of any privileges or objections, including, but not limited to, attorney/client privilege or work product privilege, relevancy objections, burdensomeness objections, vagueness objections, objections because discovery is not calculated to lead to admissible evidence, or the like. Nothing in this Order shall be construed to be a decision or finding that such privileges and objections are, in whole or in part, meritorious or meritless.

5. This Order shall not be construed to permit the inspection or copying of chemical dependency records, if any, of SCSU.

6. If Shorter or Individual Defendants believe that data disclosed pursuant to this Order should not be characterized as confidential, they may make a motion to the Court to have the data declared not confidential.

7. The protective order survives this civil action and will remain in full force and effect after the close of litigation.

**IT IS SO ORDERED.**

BY THE COURT:

Dated: 11/21, 2000

RICHARD T. JESSEN, Judge
Stearns County District Court

AG: 415362,v. 01

DISTRICT COURT
STEARNS COUNTY, MN
FILED

NOV 21 2000

KARL E. THOENNES, III
COURT ADMINISTRATOR
BY ______ DEPUTY

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or other-wise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

N:\DAILY\FORMS\protecord.wpd