UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Raymond Shorter,

Plaintiff,

vs. MINUTE ORDER

St. Cloud State University,
a Minnesota State University,

Defendant. Civ. No. 00-1314 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 18th day of January, 2001.

* * *

On January 18, 2001, the Court heard argument on the Defendant's informal Motion to Compel. For these purposes, the Plaintiff appeared by Leslie L. Lienemann, Esq., and the Defendant appeared by Kurt J. Erickson, Assistant Attorney General. As explained during the course of the Hearing, we direct the Plaintiff to provide sworn Answers to the Plaintiff's Interrogatories which do not contain the blanket objections, and reservations of rights, contained in his original Answers. We also direct the Plaintiff to provide the Defendant with authorizations for the release of employment records for each of the last five years.

The Defendant rightly complains of some uncertainty in the Plaintiff's Answers to Interrogatories given the generalized

FILED JAN 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

boilerplate language which conditions each of the Answers. We understand the Federal Rules of Civil Procedure to require a particularization of objections as to each Interrogatory, so as to assure that the responses provided are accurate and complete. When generalized objections, or reservations of rights, blur the scope, or meaning, of the Answers, then the full scope of discovery has not been honored. We suggest no effort to mislead on the Plaintiff's part, but we believe that the Defendant is entitled to Answers to Interrogatories which have particularized objections. Accordingly, the Plaintiff is directed to reframe his Answers so as to comply with the terms of this Order.

As to past employment records, we find some relevance in the Plaintiff's employment history over the last five years, since the Plaintiff maintains that his ability to find employment was adversely affected by the Defendant's actions. If, by way of but one example, the Plaintiff's employment record counseled against his being hired -- for one reason or another -- that information should be available to the Defendant. While, at Trial, the information may not be admissible, that is not the standard by which the scope of proper discovery is governed.

NOW, THEREFORE, It is --

ORDERED:

That the Defendant's informal Motion to Compel is GRANTED to the extent allowed in the text of this Minute Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE