UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Raymond Shorter,

Plaintiff,

vs. MINUTE ORDER

St. Cloud State University, a Minnesota State University,

Defendant. Civ. No. 00-1314 (RHK/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 14th day of March, 2001.

* * *

On March 13, 2001, the Court heard argument on the Defendant's Motion to Compel, and on the informal Motion of the Minnesota Department of Human Services to Quash a subpoena that was served upon it at the instance of the Defendant. At the time of the Hearing, the Plaintiff appeared by Leslie L. Lienemann, Esq.; the Defendant St. Cloud State University ("SCSU") appeared by David Merchant, Assistant Attorney General; and the Minnesota Department of Human Services ("MDHS") appeared by Frank Ling, and Erika Schneller, Assistant Attorney Generals. For reasons expressed at

20

FILED MAR 14 2001
DEPUTY CLERK

the close of the Hearing, SCSU's Motion to Compel is granted, and the informal Motion of the MDHS to Quash is denied.[1]

This is a race discrimination case, that was brought by the Plaintiff, for discrimination that allegedly occurred while the Plaintiff was enrolled as a graduate student in the Applied Psychology Department at SCSU. In his Complaint, the Plaintiff alleges that, while he was a student, professors and fellow

---

[1]Prior to the Hearing, the MDHS submitted, for in camera review, a series of documents that are responsive to a civil subpoena that had been served by counsel for SCSU. According to the MDHS, the intervention of this Court was required in order to determine whether the referenced documents should be disclosed to SCSU, because they might be considered as "private data," under the Minnesota Government Data Practices Act, Minnesota Statutes Section 13.01, et seq.("MGDPA").

As we expressed at the inception of the Hearing, it is not the function of this Court to advise agencies, such as the MDHS, as to whether the release of documents, pursuant to a civil subpoena, is proper, unless that agency specifically opposes the release of the documents. Under these circumstances, the proper method for the MDHS to challenge the release of the requested documents would be to file a Motion to Quash, pursuant to Rule 45(c)(3)(A)(iii), Federal Rules of Civil Procedure. Here, the MDHS has not filed such a Motion, however, since it has opposed the release of the requested documents to SCSU, and has requested in camera review by this Court, we will treat this request as an informal Motion to Quash.

Despite the arguments of MDHS, we conclude that the information sought SCSU's subpoena, although private data, is subject to disclosure under the MGDPA. As we explain in the text of this Minute Order, the information sought by SCSU's subpoena is plainly relevant to the Plaintiff's claim for lost income damages. Although the information, in our view, is highly sensitive in nature, the Plaintiff's privacy concerns can be effectively preserved by a carefully crafted Protective Order.

students at SCSU discriminated against him, and harassed him, after he complained to administrators, in 1998, that the curriculum of the Applied Psychology Program was not meeting the needs of students of color. As a result of this discrimination, the Plaintiff alleges that he suffered emotional distress, and also, that his graduation from the Applied Psychology Program was delayed. The Plaintiff seeks damages for mental anguish, and for lost wages associated with his delay in obtaining employment.

This Motion to Compel involves the Defendant's seventh Document Request, which requests:

> All pleadings and documents showing litigation or other legal proceedings, be they in court or before some administrative body, in which Shorter is identified as a party or witness.

First Transmittal Affidavit of Kurt J. Erickson, Ex. A., at 4. In response to this request, the Plaintiff objected, and argued, in part, that the information sought through this request was not relevant.

According to SCSU, during the litigation of a companion State Court case, it acquired the notes of a psychologist who briefly treated the Plaintiff in 1997. In the psychologist's notes, a past criminal charge, involving the Plaintiff, is briefly mentioned.[2]

---

[2]Given the sensitive nature of the information being sought by SCSU, we do not feel at liberty to detail the contents of the (continued...)

See, First Transmittal Affidavit of Kurt J. Erickson, Ex. C. As such, SCSU contends that the records involving this charge should be produced, in addition to any other information that is responsive to Document Request No. 7, because this information is relevant to the Plaintiff's claims for lost earnings and emotional distress. Specifically, SCSU contends that this information is relevant to the Plaintiff's purported ability to obtain employment, as a licensed psychologist or counselor, in the State of Minnesota.

As we noted at the Hearing, in our considered view, the information sought by the SCSU's Document Request is relevant to the Plaintiff's claims of lost wages, and is, therefore, discoverable.[3] This view was made evident by our Minute Order dated January 18, 2001, in which we stated:

> As to past employment records, we find some relevance in the Plaintiff's employment his-

---

[2](...continued)
documents that have been submitted for our in camera review, absent the issuance of a Protective Order. While this constraint limits our capacity to fully explain our finding of relevance, a most cursory review of those documents will reveal their direct relevance to the Plaintiff's claim of lost wages and, perhaps less directly, to his claimed emotional distress.

[3]The threshold requirement of discoverability is whether the information sought is "relevant to the subject matter involved in the pending action." Rule 26(b)(1), Federal Rules of Civil Procedure. Of course, to be discoverable, the information "need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id.

> tory over the last five years, since the Plaintiff maintains that his ability to find employment was adversely affected by the Defendant's actions. If, by way of but one example, the Plaintiff's employment record counseled against his being hired -- for one reason or another -- that information should be available to the Defendant. While, at Trial, the information may not be admissible, that is not the standard by which the scope of proper discovery is governed.

Id.

Here, it appears that the information sought by Document Request No. 7 may have a direct bearing on the Plaintiff's ability to obtain employment. As such, this information is discoverable and, therefore, SCSU's Motion to Compel is granted.[4] For the same reasons, the Motion to Quash the Defendant's subpoena is also denied.

NOW, THEREFORE, It is --

---

[4]At the Hearing, we expressed our concern that the production of the discovery materials sought through SCSU's Motion to Compel, and by means of its civil subpoena, would necessitate the issuance of a Protective Order. See, Rule 26(c), Federal Rules of Civil Procedure (stating that, "for good cause shown," the Court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense", by limiting the dissemination of information that is obtained during discovery). Subsequently, the parties agreed that, because of the sensitive nature of the information sought, a Protective Order was appropriate. As such, the parties are directed to "meet and confer" so as to formulate a mutually agreeable Protective Order, that, once complete, shall be submitted to the Court for our approval and execution. Until a Protective Order is in place, the information and documents need not be disclosed, but we will not tolerate delay in the promulgation of an effective Protective Order.

ORDERED:

1. That the Defendant's Motion to Compel [Docket No. 13] is GRANTED, as more fully explained in the text of this Minute Order.

2. That the informal Motion of the Minnesota Department of Human Services, to Quash, is DENIED.

BY THE COURT

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE