UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Raymond Shorter,

Plaintiff,

vs.

St. Cloud State University,
a Minnesota State University,

Defendant.

Civil File No. 00-CV-1314 RHK/RLE

**STIPULATION**

Plaintiff Raymond Shorter, Defendant St. Cloud State University, a Minnesota State University and document custodian Minnesota Department of Human Services, by and through their respective attorneys, agree to the Court immediately executing and filing the proposed, attached Order.

Dated: March 23, 2001

LESLIE L. LIENEMANN
Atty. Reg. No. 230194
8400 Lyndale Avenue South
Suite 7
Bloomington, MN 55420
(952) 346-0619

ATTORNEY FOR PLAINTIFF

Dated: March 26, 2001

MIKE HATCH
Attorney General
State of Minnesota

FRANCIS C. LING
Assistant Attorney General
Atty. Reg. No. 19430X

900 NCL Tower
445 Minnesota Street
St. Paul, MN 55101-2128
(651) 296-1889

ATTORNEYS FOR DEPARTMENT OF HUMAN SERVICES

Dated: March 26, 2001

MIKE HATCH
Attorney General
State of Minnesota

NANCY J. JOYER
Assistant Attorney General
Atty. Reg. No. 20271X
1200 NCL Tower
445 Minnesota Street
St. Paul, MN 55101-2130
(651) 297-4611 (Voice)

ATTORNEYS FOR DEFENDANT

FILED MAR 28 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Raymond Shorter,

Plaintiff,

vs.

St. Cloud State University, a
Minnesota State University,

Defendant.

Civil File No. 00-1314 RHK/RLE

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Raymond Shorter ("Shorter") has sued Defendant St. Cloud State University ("SCSU"), a Minnesota State University, for alleged race discrimination against SCSU, regarding Shorter's treatment as a student at SCSU;

WHEREAS, Shorter has alleged, among other things, that he has suffered and will continue to suffer economic harm including pay loss as a result of the alleged race discrimination;

WHEREAS, SCSU will need data on Shorter's employment history, including termination of employment, to defend against the claims in this action;

WHEREAS, Shorter will need the same data to prosecute his claim in this action;

WHEREAS, SCSU has subpoenaed documents in the custody of the Minnesota Department of Human Services ("DHS") related to Shorter's employment history;

WHEREAS, DHS, through its attorneys, has sent copies of the subpoenaed documents to the Court for *in camera* review;

WHEREAS, SCSU has brought a motion to compel discovery of the subpoenaed documents in the custody of DHS;

FILED MAR 2 8 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

WHEREAS, the Court has elected to treat DHS' submission as a motion to quash a subpoena, and analyzed the issue accordingly;

WHEREAS, pursuant to federal laws governing subpoena and discovery, and taking into consideration the Minnesota Government Data Practices Act, Minn. Stat. § 13.01, *et seq.*, and specifically Minn. Stat. § 13.03, subd. 6, and based on a consideration of Shorter's and SCSU's need for certain data, which may be considered nonpublic, private, or confidential data, the Court enters the following:

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Court finds that the documents sent to the Court for *in camera review* (hereinafter such information shall be called "DHS' confidential information"), contain non-public, private and confidential data on individuals under the Minnesota Government Data Practices Act ("Act"), Minn. Stat § 13.01 *et seq.*; § 13.46, subd. 2; § 245A.04, subd. 3a; § 13.43, subd. 4; and § 626.55, subd. 11, and other applicable law.

2. The Court finds that that the probative value of both discovery and disclosure of DHS' confidential information outweighs the harm to any and all of the confidentiality interests defined in such law as well as the harm of not disclosing such information to Shorter and SCSU, as long as such disclosure are made pursuant to paragraph 3 below. This determination is made pursuant to Minn. Stat. § 13.03, subd. 6 (2000).

3. DHS shall make disclosure and discovery of DHS' confidential information subject to the following conditions:

   a. SCSU's counsel and support staff, and Shorter's counsel and support staff will be the only persons to review the documents containing DHS' confidential information.

b. Shorter's counsel and support staff may permit Shorter to review the documents and may share DHS' confidential information with Shorter only to the extent necessary to prosecute this litigation; however, at no time shall any personal identifying information be shared with Shorter regarding any of the following third parties:

Individuals who made reports of assault or minor maltreatment, individual victims of alleged maltreatment, the identities of any other individuals appearing in any assault or minor maltreatment reports, and individuals providing written references and evaluation of Shorter.

Personal identifying information includes any information from which the identities of an individual may be derived, including but not limited to residential addresses, telephone numbers, and social security numbers for any identified individual and such individual's spouse, their children, or their next of kin, or any other contextual data that tend to identify the individuals described or defined above. Any and all such personal identifying information contained in such documents shall be redacted before Shorter is permitted to review such documents. DHS' confidential information will be used solely in connection with the above-entitled litigation and will not be disclosed outside this litigation.

c. Except as provided by the terms of this Order, SCSU's counsel, SCSU's counsel's support staff, Shorter, Shorter's counsel, and Shorter's counsel's support staff, and those persons identified in paragraph 3.d., who receive DHS' confidential information, will keep DHS' confidential information confidential.

d. SCSU's counsel and support staff, and Shorter's counsel and support staff shall not disclose DHS' confidential information during the course of trial

preparation, except to Shorter, pursuant to the terms set out in paragraph 3.b. above, to such employees of Shorter's counsel who assist in the above-entitled litigation, all of whom agree to be bound by the terms of this Order, and to the following qualified individuals. Prior to disclosure, the following qualified individuals shall sign an affidavit agreeing to be bound by the terms of this Order, including to keep DHS' confidential information confidential, and return DHS' confidential information to the counsel who gave it to them, within forty-five (45) days of the close of litigation:

(i) Independent experts or consultants working with counsel for Shorter or counsel for SCSU.

(ii) Other persons, including deponents, whose assistance is required by counsel in conducting this litigation. This provision does not apply to use by Shorter's counsel of such documents during depositions of DHS or their witnesses.

e. DHS' confidential information submitted to the Court before trial herein will be kept private and under seal.

f. Shorter will return any and all copies of documents containing DHS' confidential information regarding third parties listed in 3.b. above to counsel for DHS within ninety (90) days of the close of this litigation.

g. SCSU will return any and all copies of documents containing DHS' confidential information to counsel for DHS within ninety (90) days of the close of this litigation.

h. To the extent that Shorter, Shorter's counsel or staff, or SCSU's counsel or staff create and draft documents containing DHS' confidential information, Shorter, Shorter's counsel and staff, and SCSU's counsel and

staff shall destroy or redact such documents within six months after the close of this litigation. To the extent that such information exists in stenographic, mechanical, computer, or other types of electronic memory, such information shall be erased (not just deleted) or destroyed. Shorter, Shorter's attorney and SCSU's attorney will provide DHS' counsel with an affidavit stating that the destruction of documents and erasure or destruction of stenographic, mechanical, computer or other types of electronic memory has occurred. Prior to destruction and/or erasure, if a lawsuit or other proceeding requires or calls for disclosure of DHS' confidential information described in this subparagraph, Shorter, Shorter's counsel, or SCSU's counsel shall notify DHS' counsel in writing and as soon as possible of the potential disclosure, before the disclosure occurs, so that DHS' counsel may evaluate and act upon the potential disclosure.

3. Nothing in this Order shall be construed as limiting the use of DHS' confidential information at trial of this matter, or in any motion hearing or motion papers. In all pretrial proceedings, the parties may use DHS' confidential information in Court papers by submitting DHS' confidential information to the Court under seal. If the Court determines that DHS' confidential information should not be sealed, it may unseal the documents; the documents will still be considered as filed as of the date that they were initially filed, and will remain filed. The Court will always have access to DHS' confidential information as soon as it is filed, regardless of whether it remains sealed or is unsealed. At trial, the Court will inform the parties whether DHS' confidential information may be submitted under seal or publicly.

4. Nothing in this Order shall be construed as a waiver of any privileges or objections, including, but not limited to, attorney/client privilege or work product privilege, relevancy objections, burdensomeness objections, vagueness objections, objections because discovery is not calculated to lead to admissible evidence, or the like. Nothing in this Order shall

be construed to be a decision or finding that such privileges and objections are, in whole or in part, meritorious or meritless.

5. If SCSU or Shorter believe that data disclosed pursuant to this Order should not be characterized as confidential, they may make a motion to the Court to have the data declared not confidential.

6. This protective order survives this civil action and will remain in full force and effect after the close of litigation.

**IT IS SO ORDERED.**

BY THE COURT:

Dated: March 28, 2001.

Raymond L. Erickson

RAYMOND L. ERICKSON
Magistrate Judge
United States District Court

AG: 462074,v. 01

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Office of the Clerk
417 Federal Building
515 West First Street
Duluth, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing ***confidential original*** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 *All pleadings, motions, and other papers presented for filing shall be on 8½ x 11 inch white paper . . . flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts).*

B. Each envelope must list the following information, and ***EACH DOCUMENT IS TO BE IN A SEPARATE ENVELOPE***.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.