**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Raymond Shorter,

Plaintiff,

v.

St. Cloud State University,

Defendant.

Civil No. 00-1314 RHK/RLE

**MEMORANDUM OPINION AND ORDER**

---

Leslie L. Lienemann, Lienemann Law Office, Bloomington, Minnesota, for Plaintiff.

Nancy J. Joyer and Scott R. Goings, Assistant Attorney Generals, Saint Paul, Minnesota, for Defendant.

---

Plaintiff Raymond Shorter ("Shorter") submitted to the Court seventy documents in opposition to Defendant's Motion for Summary Judgment. These documents were attached to the affidavit of his counsel which simply stated: "Attached hereto are true and correct copies of the following documents[.]" (Lienemann Aff. ¶ 2.) Defendant St. Cloud State University ("SCSU") has moved to strike thirty of these documents, and any references to these documents in Shorter's memorandum, on the basis that they do not comply with Rule 56(e) of the Federal Rules of Civil Procedure. Additionally, SCSU has moved to strike all statements containing hearsay and unsubstantiated allegations in the documents produced by Shorter, namely documents purported to have been authored by Shorter containing multiple hearsay.

FILED AUG 14 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

To be considered on summary judgment, documents must be authenticated by and attached to an affidavit made on personal knowledge setting forth such facts as would be admissible in evidence or a deposition that meets the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Documents which do not meet these requirements cannot be considered by the Court. See Cummings v. Roberts, 628 F.2d 1065, 1068 (8th Cir. 1980); accord Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662 (7th Cir. 1994); O'Bannon v. Union Pacific, 960 F. Supp. 1411, 1418 (W.D. Mo. 1997).

> Rule 56(e) requires that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit . . . . To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.

10A C. Wright, A. Miller and M. Kane, Federal Practice and Procedure § 2722 (2d ed. 1983) (footnotes omitted) (emphasis added).

SCSU argues that many of the documents attached to Lienemann's affidavit are unauthenticated. In particular, Shorter has attached several memoranda, e-mails, and letters to his counsel's affidavit that have not been authenticated by their respective authors. "A letter submitted for consideration under Rule 56(e) must be attached to an affidavit and authenticated by its author in the affidavit or a deposition." (Id.) In lieu of affidavits by the documents' authors, Shorter argues that because the documents were produced by SCSU during discovery, SCSU has implicitly attested to their authenticity. The Court disagrees. By producing these documents, SCSU has admitted that it had the

documents in its possession–not that the contents of the document are reliable or that the documents are authentic. Accordingly, for the Court to consider correspondence by third parties as evidence, the correspondence must be attached to an affidavit by the author attesting to its authenticity.[1]

Contrary to Shorter's argument, that e-mails sent from faculty at SCSU can be authenticated by the parties who received the e-mails, a document cannot be authenticated by the person who received it. The party receiving the e-mail can only attest to the fact that it was received and appears to be authored by the person whose name appears on the "From" line. This does not authenticate that the e-mail was in fact written by that person or that the contents of the e-mail are true.

Accordingly, the Court will grant SCSU's Motion to Strike as to the following exhibits: 4, 5, 6, 7, 8, 9, 10, 12, 14, 15, 16, 17, 18, 19, 20, 21, 22, 25, 27, 28, 29, 52, 53, 59, 61, 65, 66, 69, and 70. SCSU's motion to strike hearsay statements contained in the correspondence provided by Shorter is granted. The motion to strike the remaining exhibits is denied: exhibit 64 (relevant to show Shorter received allegedly harassing

---

[1] Shorter also argues that the documents are admissible because they are not offered to prove the truth of what is contained in the documents but to show that SCSU had notice that Shorter claimed he was being subjected to a hostile educational environment. (Pl.'s Mem. in Opp'n to Mot. to Strike at 4.) As discussed below, the issue of SCSU's actual notice is not disputed in this case. The record reflects that the administration at SCSU was fully cognizant of Shorter's claims of a racially hostile educational environment. Accordingly, admitting these documents to show notice is unnecessary.

documents in his school mailbox); 69, and the Deposition of Suzanne Williams.

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Defendant's Motion to Strike (Doc. No. 46) is **GRANTED IN PART** and **DENIED IN PART**.

August 14, 2001

Richard H. Kyle
United States District Judge

# Please forward this announcement to the recipient of this fax.

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500